UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>BRIAN M. BITTNER,<br><br>Petitioner,<br><br>v.<br><br>RBC CAPTIAL MARKETS CORPORATION,<br><br>Respondent. | Civil Action No. 07 Civ. 07154 (PAC) |

## RESPONDENT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE PETITION TO VACATE THE ARBITRATION AWARD

Respondent RBC Capital Markets Corporation ("RBC") respectfully submits this reply memorandum of law in further support of its motion to dismiss Brian M. Bittner's petition to vacate the NASD's arbitration award, dated May 17, 2007 (the "Award").

### PRELIMINARY STATEMENT

Bittner's opposition brief glosses over two fundamental points that are fatal to his claim that subject matter jurisdiction exists.

*First*, Bittner accuses RBC of playing a "'numbers game' in parsing the Petition" by comparing the number of references to manifest disregard of law with the number of references to the flaws in the arbitration process. Bittner's disagreement with RBC's approach should be directed at the Second Circuit, not

RBC. <u>Greenberg</u> makes it perfectly clear that this Court must determine whether the federal questions presented in Bittner's petition "are substantial enough to support federal jurisdiction." Only when a petition "primarily" or "chiefly" or "principally" raises a "substantial question of federal law" does this Court possess subject matter jurisdiction. Here, just one of the six grounds that the petition asserts for vacatur is manifest disregard of law (and even then the law allegedly disregarded is state law, not federal law) and the other five grounds all concern the arbitration process.

*Second*, even the one ground of manifest disregard of law that the petition asserts is insufficient to establish subject matter jurisdiction. Federal question jurisdiction exists only if a petition to vacate alleges that the arbitrators manifestly disregarded *federal* law. Indeed, <u>Greenberg</u> demands that the petition "require resolution of a *uniquely federal* issue." 220 F.3d at 27 (emphasis added). There is nothing remotely federal about the determination whether RBC and Bittner entered into a contract or not. Contract formation is a quintessential issue of state law. Bittner does not cite a single authority for his contention that there exists a "federal common law of contract" that governs this case. Even the cases Bittner cited in his petition to support the argument that no contract was formed – <u>Winston</u> and <u>Ciaramella</u> – apply state, and not federal, law.

Finally, assuming this Court were to find subject matter and address the merits, the panel did not manifestly disregard federal law when it ruled that the Settlement Agreement was a binding contract. Bittner failed to cite a single case

2

to the panel in support of his argument that no contract was made. It therefore follows that the arbitrators could not have disregarded any law because Bittner failed to present them with any law to ignore. Moreover, even if this Court were conclude that Bittner adequately presented the panel with law to consider, there is no escaping the conclusion that the arbitrators reached the right result. Under Winston, the parties reached a binding contract on February 21, 2007, and the panel was correct to enforce that Settlement Agreement against Bittner.

## ARGUMENT

### I. THE PETITION MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Ignoring five of the six grounds upon which he moved to vacate the Award, Bittner now argues that the key element of his petition is his allegation that the panel acted in manifest disregard of law by enforcing the handwritten Settlement Agreement executed by the parties on February 21, 2007. Bittner further argues that because federal contract law is part of the federal common law, his allegations regarding the arbitrators' enforcement of the handwritten Settlement Agreement raise a substantial federal question. Bittner mischaracterizes the actual allegations in his petition and misapplies the applicable law.

#### A. The Petition's Allegations Concern the Arbitration Process Itself

The Second Circuit made clear in Greenberg v. Bear, Stearns & Co., 220 F.3d 22 (2d Cir. 2000) that for subject matter jurisdiction to exist, manifest disregard of federal law must be the petition's "principal" or "chief" or "primary"

complaint.[1] A fair reading of the petition shows that Bittner's claims are based chiefly on purported problems with arbitration process itself, *not* that the arbitrators manifestly disregarded federal law. See Resp. Br. at 9.

The petition alleges that the panel was guilty of misconduct for refusing to hear evidence pertinent and material to the controversy (Petition ¶ 32), basing its decision on a legally superseded and non-existent memorandum (Id. ¶ 33), denying petitioner fundamental fairness (Id. ¶ 34), acting arbitrarily and capriciously (Id.), failing to consider petitioner's defenses and counterclaims (Id. ¶ 35), and exceeding its powers by acting without jurisdiction (Id. ¶ 36). Only one ground alleged manifest disregard of law. The Court should not countenance Bittner's attempt to recast his petition.

### B. The Petition Has Not Alleged a Uniquely Federal Issue

Even assuming *arguendo* that Bittner's petition chiefly alleges manifest disregard of law, which it does not, he still failed to establish any basis for this Court to exercise subject matter jurisdiction as he has not alleged a single issue that would require the resolution of a *uniquely* federal issue. Greenberg, 220 F.3d

---

[1] Greenberg, 220 F.3d at 27 ("Where the petitioner seeks vacatur chiefly on the ground of manifest disregard of federal law, a federal question is plainly presented."); id. at 25 ("federal jurisdiction may lie where the petitioner seeks to vacate the award primarily on the ground of manifest disregard of federal law"); id. at 27 ("We hold that where, as here, the petitioner complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition") (emphasis added to all quotes).

at 28 (for federal question jurisdiction to exist, a petition to vacate must asset grounds that plainly require the resolution of a "uniquely federal" issue).[2]

Bittner's sole basis for arguing that subject matter jurisdiction exists is the panel's alleged manifest disregard of the law when it enforced the Settlement Agreement entered into between the parties on February 21, 2007. Bittner argues, without citation, that this issue presents a federal question because "federal contract law is part of the federal common law." Opp. Br. at 13. Whether the parties reached an enforceable settlement agreement is not an issue unique to federal law, as even the cases cited by Bittner recognize. Ciaramella v. Reader's Digest Ass'n Inc., 131 F.3d 320, 322 (2d Cir. 1997) (no material difference between state and federal law for determining whether parties agreed to settle claims); Winston v. Mediafare Entertainment, Corp., 777 F.2d 78, 80 (2d Cir. 1986) (applying New York law to dispute over enforceability of settlement agreement).[3]

---

[2] As the Greenberg court explained, "review of manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present." 220 F.3d at 27; cf. Rivera v. Phipps Houses Servs., No. 01-cv-2343, 2001 WL 740779 (S.D.N.Y. Jun. 29, 2001) ("The word 'substantial' is not mere surplusage, and it is not sufficient that a case merely implicate federal issues.").

[3] Federal courts routinely find they have no special expertise in interpreting ordinary contract principles. Barbara v. New York Stock Exchange Inc., 99 F.3d 49 (2d Cir. 1996) (substantial federal question not present since federal court has no special interest in interpreting ordinary contract rules); Kittner v. The

The weakness of Bittner's argument is fully demonstrated by comparing his allegations to those decisions that *have* found that a petition presented federal question jurisdiction based on manifest disregard of federal law. For example, in Porzig v. Dresdner, Kleinwort, Benson, North America LLC, No. 06-1212, 2007 U.S. App. LEXIS 18674 (2d Cir. Feb. 16, 2007), the Second Circuit held that a petition challenging the calculation of attorneys' fees under the Age Discrimination in Employment Act sufficiently presented an issue of unique federal law to warrant subject matter jurisdiction. Similarly, in Greenberg, 220 F. 3d at 28, the Second Circuit found that a unique federal question was raised because the petition primarily alleged that the award was rendered in manifest disregard of Section 10(b) of the Securities Exchange Act. Finally, in Tucker v. American Building Maintenance, 451 F. Supp. 2d 591, 594 (S.D.N.Y. 2006), the court found federal question jurisdiction where the petition argued that an interpretation of a collective bargaining agreement was preempted by Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). The contrast between those cases (in which the petition required a court to construe and interpret a specific federal statute) and the petition in this case (which turns on whether a contract was made or not) compels the conclusion that federal question jurisdiction does not exist here.

---

Metropolitan Life Ins. Co., No. 01-cv-0146E, 2001 WL 388754, at *2 (W.D.N.Y. Apr. 13, 2001) (no substantial federal question when claim involved interpretation of contract); Eugene Ionvine Inc., v. The City of New York, No. 98 Civ. 2767, 1999 WL 4899, * 4 (S.D.N.Y. Jan. 5, 1999) (same).

Bittner does not dispute that federal law is the same as New York contract law on the issue of contract formation. Opp. Br. at 8. In fact, he even cites to New York authority to support his argument. Id. at 19 n.9. Petitioner has not presented any issue that requires the involvement of a federal court to ensure that the arbitrators interpreted and applied federal law properly. Greenberg, 220 at 27. The petition should be dismissed.

## II. PETITIONER FAILS TO SATISFY THE "MANIFEST DISREGARD" STANDARD

Even if this Court did possess subject matter jurisdiction, the petition fails on the merits to meet the extremely stringent standards for vacatur. Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 208 (2d Cir. 2002). In order to satisfy his heavy burden, Bittner must show that the panel was aware of, but intentionally disregarded, the four-factor test set forth in Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1986): (1) whether there has been an express or implied reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. Petitioner does not meet this burden.

First, neither party made an express reservation of right not to be bound by the Settlement Agreement. Petitioner attempts to make much of the "subject to more formal documentation" language that appears in the first line of the

Settlement Agreement, asserting that this language "makes clear" that the parties never intended to be bound by the agreement. Opp. Br. at 15-18. It is well-settled, however, that this is insufficient to create a reservation of rights. V'Soske v. Barwick, 404 F.2d 495, 499 (2d Cir. 1968) ("[T]he mere fact that the parties contemplate memorializing their agreement in a formal document does not prevent their informal agreement from taking effect prior to that event.").[4]

Second, as Bittner acknowledges (Opp. Br. at 18), neither party has performed under the Settlement Agreement. Therefore, this factor does not help Bittner prove that the panel manifestly disregarded the law. Hostcentric Technologies, 2005 WL 1377853, at *8 (second Winston factor is neutral when neither party performed under the agreement); Walker v. City of New York, No. 05-CV-0004, 2006 WL 1662702, *8 (E.D.N.Y. Jun. 15, 2006) (same).

Third, all of the material terms of the Settlement Agreement were agreed upon here. Contrary to Bittner's contentions, the signed Settlement Agreement sets forth very specific terms upon which the case was to be settled. For example, the first line of the agreement states, "The parties agree to settle this matter as follows, subject to more formal documentation." Additionally, express language

---

[4] See also Hostcentric Technologies, Inc. v. Republic Thunderbolt, LLC, No. 04 Civ. 1621, 2005 WL 1377853, at *5 (S.D.N.Y. Jun. 9, 2005) ("a 'preliminary' agreement is binding, despite the desire for a later formal document, 'when the parties have reached complete agreement (including the agreement to be bound) on all such issues perceived to require negotiation'"); Conway v. Brooklyn Union Gas Co., 236 F. Supp. 2d 241, 249 (E.D.N.Y. 2002) (finding oral settlement agreement between parties binding despite parties understanding that terms would be finalized in a more formal written settlement agreement).

is set forth in the Settlement Agreement that addresses issues such as a payment schedule[5], an entry of confession of judgment in the event of default, the execution of general releases, method of notice, and tax treatment of the forgiven amount.

Bittner also argues that the proposed modification in March 2007 evidences that the parties had not agreed on the contract terms set forth in the Settlement Agreement. Opp. Br. at 14-17, 19. However, the inclusion of additional terms in a later unexecuted formal document intended to modify an existing contract does not render the material terms of the original agreement unenforceable, particularly here when the panel enforced only those terms originally agreed upon. Conway, 236 F. Supp. 2d at 250 (enforcing original settlement agreement but excluding terms not originally agreed upon); Alvarez v. the City of New York, 146 F. Supp.2d 327, 335 (S.D.N.Y. 2001) (excluding term not included in prior drafts).

Finally, the document was reduced to writing and executed by both parties, satisfying the fourth Winston factor.

---

[5] Bittner argues that because section 1(c) of the Settlement Agreement does not make reference to when the forty-eight equal payments are to be made, the arbitrators erred in enforcing the Settlement Agreement. Opp. Br. at 19. Bittner and RBC agreed on February 21, 2007 that these would be 48 *monthly* payments, which even Bittner would be forced to acknowledge. The inadvertent drafting failure to include a single word – "monthly" – does not negate the parties' intention to be bound. Gruntal & Co., Inc. v. Kauachi, No. 92 CIV. 2840, 1994 WL 455515, *1 (S.D.N.Y. Aug. 22, 1994) ("where it is clear from the language of an agreement that the parties intended to be bound and there exists an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain. Striking down a contract as indefinite and in essence meaningless 'is at best a last resort.'").

\*   \*   \*

Bittner fails to meet his heavy burden of showing that the arbitrators were made aware of, yet elected to disregard deliberately, the four <u>Winston</u> factors when holding that the Settlement Agreement was not enforceable. The petition to vacate should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Brian M. Bittner's petition to vacate the Award must be dismissed.[6]

Dated: October 1, 2007

Respectfully Submitted,

RBC CAPITAL MARKETS CORPORATION

By _/s/ Ralph DeSena_
Ralph DeSena (RD-7565)
Vice President & Senior Counsel
Leslie Sobel (LS-5623)
Senior Counsel
RBC Capital Markets Corporation
One Liberty Plaza, 5th Floor
165 Broadway
New York, NY  10006-1404
Tel:  212-428-6203
Fax:  212-858-7455
ralph.desena@rbccm.com

---

[6] Should the Court find that subject matter jurisdiction exists, RBC requests the right to file a cross-petition to confirm the award.